**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 24-94-DLB-CJS**

**EDGAR T. RAGOUZIS**                                                            **PLAINTIFF**


**v.**                        **MEMORANDUM OPINION AND ORDER**


**RICHARD O. HAMILTON, JR., et al.**                                **DEFENDANTS**

**\*\*\* \*\*\* \*\*\* \*\*\***

## I.    INTRODUCTION

This matter is before the Court upon Defendant Richard O. Hamilton, Jr.'s Motion for Joinder of Robbins, Kelly, Patterson & Tucker, LPA.  (Doc. # 36).  Plaintiff Edgar T. Ragouzis has filed his Response (Doc. # 38), Defendant has filed his Reply (Doc. # 39), and the Motion is ripe for review.  For the following reasons, Defendant's Motion is **denied**.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The Court will not restate in detail the relevant facts, as they were fully set forth in the Memorandum Opinion and Order entered in this action on February 9, 2025.  (*See* Doc. # 34 at 1-3).  Summarized, this matter stems from Defendant Richard O. Hamilton, Jr.'s agreement to provide legal services for Plaintiff Edgar T. Ragouzis and others in two cases pending before the Hamiton County (Ohio) Court of  Common Pleas.  (Doc. # 1 ¶ 8).  In both cases, Ragouzis asserted various claims against The Madison House Condominium Owners' Association (the "Association") and other parties.  (*Id.* ¶¶ 8-9).

On November 21, 2022, Hamilton filed a verified complaint on Ragouzis and the other plaintiffs' behalf, asserting various claims against the Association and the other defendants. (*Id.* ¶ 11). Thereafter, on May 26, 2023, the Association and the other defendants moved to disqualify Hamilton and his law firm from representing the plaintiffs. (*Id.* ¶ 13). The motion to disqualify was based on Hamilton's prior representation of Steven Oyster, who had served as an officer on the Association's board. (*Id.* ¶ 14). On June 16, 2023, Hamilton filed a response to the motion to disqualify. (*Id.* ¶ 17). Hamilton charged Ragouzis legal fees for responding to the motion and appearing at a hearing on the motion. (*Id.* ¶¶ 17-18). Subsequently, on January 11, 2024, Hamilton allegedly "threatened to withdraw from representation" unless Ragouzis agreed to waive any claims he might have against Hamilton and his law firm. (*Id.* ¶ 27). Thereafter, on February 22, 2024, Hamilton moved to withdraw as counsel for Ragouzis and the other plaintiffs. (*Id.* ¶ 28).

On June 3, 2024, Ragouzis initiated this action by filing his Complaint asserting diversity jurisdiction under 28 U.S.C. § 1332. (*See id.* ¶ 4). Ragouzis asserts two causes of action against Hamilton and other unspecified defendants: one for breach of contract and one for professional negligence. (*Id.* ¶¶ 30-42).

On September 12, 2024, Hamilton filed a Motion for Judgment on the Pleadings ("MJOP") through which he requested that the Court grant judgment in his favor as to Ragouzis's claims against him. (Doc. # 16). After a full round of briefing (Docs. # 26 and 28), the Court issued its Memorandum Opinion and Order denying the MJOP. (Doc. # 34).

On April 7, 2025, Hamilton filed the instant Motion.  (Doc. # 36).  Hamilton argues that the law firm of Robbins, Kelly, Patterson & Tucker, LPA ("RKPT") is a necessary and indispensable party that must be joined in this action under Federal Rule of Civil Procedure 19.  (*Id.* at 1).  Hamilton further argues that because including RKPT in this action would defeat subject matter jurisdiction,[1] the Court should dismiss this case pursuant to Federal Rule of Civil Procedure 12(h)(3).  (*Id.*).  Ragouzis having filed his Response (Doc. # 38), and Hamilton having filed his Reply (Doc. # 39), the Motion is ripe for review.

## III.    DISCUSSION

As noted above, Hamilton argues that RKPT is a necessary and indispensable party that must be joined in this action under Federal Rule of Civil Procedure 19.  (Doc. # 36 at 1).  In support, Hamilton claims that RKPT is a party to the engagement letters that presumably form the basis of Ragouzis's breach of contract claim.  (*Id.* at 3-7, 13-15).  Hamilton also cites cases in this Circuit for the proposition that, in breach of contract actions, the parties to the contracts are generally considered indispensable parties.  (*Id.* at 13-14).  Hamilton further argues that joining RKPT in this action would deprive the Court of subject matter jurisdiction, and that the action should accordingly be dismissed under Federal Rule of Civil Procedure 12(h)(3).  (*Id.* at 15-19).

In his Response, Ragouzis does contest RKPT's status as a party to the engagement letters.  (*See* Doc. # 38).  Instead, Ragouzis claims that RKPT is not a necessary party because this action is based on Hamilton's "individual conduct and fiduciary duties," and that Ragouzis does not seek relief from RKPT.  (*Id.* at 6-9).

---

[1]     It is undisputed that both Ragouzis and RKPT are citizens of Ohio.  (Doc. # 36 at 15; Doc. # 38 at 1).

3

Ragouzis also argues that Hamilton and RKPT are joint tortfeasors and cites to Sixth Circuit caselaw for the proposition that joint tortfeasors are not necessary parties under Rule 19. (*Id.* at 6). Additionally, Ragouzis argues that RKPT's absence in this matter will not impair its interests, noting that RKPT has not claimed any interest in this matter. (*Id.* at 8-10). Ragouzis also argues that even if RKPT is a necessary party, joinder would still be improper. (*Id.* at 10-11). Finally, Ragouzis claims that the instant Motion was made in bad faith to destroy subject matter jurisdiction. (*Id.* at 10-12).

"Assessing whether joinder is proper under Rule 19 is a three-step process." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 666 (6th Cir. 2004). First, the court must determine whether the absent person or entity is a necessary party under Rule 19(a). *Id.* (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990) (per curiam)). Rule 19(a)(1) provides that a person is necessary if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties, or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). Second, if a person or entity is a necessary party under Rule 19(a), the court must determine whether joinder of the person or entity would deprive the court of subject matter jurisdiction. *Glancy*, 373 F.3d at 666. Third, if joinder would destroy subject matter jurisdiction, the court must analyze the factors listed in Rule 19(b) to determine "whether the court should in equity and good conscience dismiss the case

because the absentee is indispensable." *Id.* (quoting *Md. Ry. Co. v. Harbor Ins. Co.*, 910 F.2d 960, 961 (D.C. Cir. 1990) (Thomas, J.)) (internal quotation marks omitted).

With this framework in mind, the Court addresses the parties' respective arguments. In his Motion, Hamilton argues that RKPT is a necessary party under both Rule 19(a)(1)(A) and (B). (Doc. # 36 at 13-14). As noted above, § (a)(1)(A) concerns whether complete relief cannot be accorded among the existing parties without the absentee's presence and § (a)(1)(B) concerns whether the absentee claims an interest in the action and, if absent, may impair its ability to protect this interest or leave an existing party subject to the risk of incurring multiple or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(1). Regarding § (a)(1)(A), Hamilton argues that RKPT is the party that contracted with Ragouzis insofar as it "billed for the services of its attorneys and . . . received all payments for legal services." (Doc. # 36 at 13). Hamilton further argues that all parties to contracts at issue in breach of contract actions are generally considered indispensable. (*Id.*). Regarding § (a)(1)(B), Hamilton claims that "RKPT would be unable to protect its interests as a party to the contract alleged to have been breached." (*Id.* at 14).

Before addressing these specific arguments, the Court must first address a preliminary issue. As noted above, Hamilton argues that RKPT is the party with whom Ragouzis contracted. As a corollary to this argument, Hamilton claims that he is not a party to the engagement letters. (Doc. # 36 at 14 (arguing that "RKPT's absence in this case would leave Hamilton solely responsible for a judgment *on a contract to which he was not even a party*.") (emphasis modified). In support, Hamilton notes that the engagement letters were written on RKPT's letterhead, contain references to the firm's

fees and policies, and use "we" to refer to RKPT and its clients. (*Id.* at 3-6). He also states that RKPT billed Ragouzis for legal services and received payment for such services. (*Id.* at 13).

Even so, Hamilton has failed to demonstrate that he is not a party to the engagement letters. Upon review, the engagement letters do not expressly state the identity of the contracting parties. (*See* Doc. # 36-1 at 9-10, 16-19). Nor do they clearly disclaim Hamilton as a contracting party. (*See id.*). Moreover, both engagement letters were signed by Hamilton himself (Doc. # 36-1 at 10 and 19), a fact which he does not even address in his briefing. (*See* Docs. # 36 and 39). In the absence of more developed argumentation on this point, the Court is in no position to determine that Hamilton was not a party to the engagement letters. Thus, for present purposes, the Court assumes that Hamilton was a contracting party.

Having addressed the above preliminary issue, the Court now addresses the parties' respective Rule 19(a) arguments. Hamilton first argues that RKPT is a necessary party because, as a contracting party, complete relief cannot be accorded among the existing parties in its absence. (Doc. # 36 at 13). In support, Hamilton cites to cases within this Circuit for the proposition that, generally speaking, "the indispensable parties in a breach of contract action are the parties to the contract." (*Id.* (quoting *OneCommand, Inc. v. Beroth*, No. 1:12-cv-471, 2012 WL 3755614, at *2 (S.D. Ohio Aug. 29, 2012)). But upon review, each of these cases is inapposite. The *Beroth* case concerned a party in a breach of contract action who sought to use Rule 19 to join a *non-party* to the contract. *See Beroth*, 2012 WL 3755614, at *2. Such circumstances are not present here. Moreover, the *Beroth* case did not establish or state a categorical rule that all parties to a

contract are always indispensable (and therefore necessary) in breach of contract cases. Indeed, such a rigid rule would presumably run contrary to Rule 19 itself. *See Dearborn Street Bldg. Assocs., LLC v. Huntington Nat. Bank*, 411 F. App'x 847, 851 (6th Cir. 2011) ("[Q]uestions regarding who qualifies as a necessary party are fact-specific inquiries[.]"); *see also Stanley Elec. Co., Inc. v. Crawford Equip. and Eng'g Co.*, 249 F.R.D. 267, 273 (S.D. Ohio) (noting that Rule 19 "is flexible and pragmatic."). Regarding the other cases that Hamilton cites, each involves a § (a)(1)(B) analysis which, for the reasons stated below, is not applicable in this case. (*See* Doc. # 36 at 13 (citing *Onyx Waste Servs., Inc. v. Morgan*, 203 F. Supp. 2d 777, 787 (E.D. Mich. 2002) and *Dollison v. Antero Res. Corp.*, 600 F. Supp. 3d 827, 835 (S.D. Ohio 2022)).

Again, the relevant issue here is whether the Court can accord complete relief between the existing parties in RKPT's absence. Fed. R. Civ. P. 19(a)(1)(A). And it is Hamilton's burden to prove otherwise. *Sanson Co. v. Araca Foods, Inc.*, No. 1:09-cv-00791, 2009 WL 2461440, at *2 (N.D. Ohio Aug. 10, 2009) (citing Fed. R. Civ. P. 19(a)). For the following reasons, the Court concludes that Hamilton has not met his burden.

Upon review, Ragouzis's Complaint clarifies that he only seeks relief against Hamilton. (Doc. # 1 at 8 (requesting, in relevant part, (i) compensatory and special damages "from *Defendant Hamilton*" and (ii) punitive damages "from *the defendant* in this action.") (emphasis added). Moreover, Ragouzis confirmed in his Response that he only seeks money damages against Hamilton and does not seek any injunctive or declaratory

relief from RKPT.[2]  (Doc. # 38 at 1, 8-9).  Thus, given the circumstances, the Court does
not see why RKPT's presence is necessary to accord complete relief between the existing
parties.  Accordingly, Hamilton has not met his burden of showing that RKPT is a
necessary party under Rule 19(a)(1)(A).  *See Phillips v. Sun Life Assurance Co. of Can.*,
641 F. Supp. 3d 453, 455 (S.D. Ohio Nov. 16, 2022) ("The burden is on [the movant] to
show that [the absentee] is a necessary party.").

As noted above, Hamilton also seeks to join RKPT under Rule 19(a)(1)(B).  Under
this provision, an absentee who claims an interest in an action and, if absent, may impair
its ability to protect this interest or leave an existing party subject to the risk of incurring
multiple or otherwise inconsistent obligations is considered a necessary party.  Fed. R.
Civ. P. 19(a)(1)(B).  But RKPT has not claimed an interest in this action, which makes §
(a)(1)(B) inapplicable.  *Century Bus. Servs., Inc. v. Bryant*, 69 F. App'x 306, 311 (6th Cir.
2003); *Alter Domus, LLC v. Winget*, No. 23-10458, 2023 WL 4030025, at *4 (E.D. Mich.
June 15, 2023) (collecting cases).

Accordingly, the Court concludes that Hamilton has failed to show that RKPT is a
necessary party.  Having made this determination, the Court need not address steps two
and three of the Rule 19 analysis.  *Temple*, 498 U.S. at 8.

---

[2]      In his Reply, Hamilton argues for the first time that an expert report prepared on Ragouzis'
behalf in this matter shows that he criticizes RKPT's billing practices and intends to seek
disgorgement of attorney's fees from RKPT.  (Doc. # 39 at 1-2, 4-5, and 9-11).  Hamilton also
cites to certain pages of the expert report which he argues substantiates his claim.  (*Id.* at 11).
As an initial matter, this argument is not properly before the Court because arguments raised for
the first time in a party's reply brief are deemed waived.  *See Am. Trim, L.L.C. v. Oracle Corp.*,
383 F.3d 462, 477 (6th Cir. 2004).  Moreover, upon review, the portions of the expert report
Hamilton flags do not necessarily support his argument.  Indeed, although such portions contain
criticisms of RKPT's billing practices, they do not mention disgorgement of attorney's fees from
RKPT.  To the extent that other portions of the expert report substantiate Hamilton's disgorgement
argument, he was obligated to point them out to the Court but failed to do so.  *See Dean-Lis v.
McHugh*, 598 F. App'x  412, 415 (6th Cir. 2015) ("Judges are not like pigs, hunting for truffles
buried in the record.") (internal quotations marks omitted).

## IV.     CONCLUSION

Thus, for the reasons stated above, **IT IS ORDERED** that Defendant Richard O. Hamilton, Jr.'s Motion for Joinder of Robbins, Kelly, Patterson & Tucker, LPA (Doc. # 36) is **DENIED**.

This 30th day of June, 2025.



Signed By:

*David L. Bunning*

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2024\24-94 MOO on Mtn for Joinder.docx